[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15547
Non-Argument Calendar
_____

Agency No. A79-512-977

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2005
THOMAS K. KAHN
CLERK

ANDRES BORRERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 31, 2005)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Andres Borrero, a native and citizen of Colombia, petitions for review of the

final order of the Board of Immigration Appeals ("BIA"), which affirmed the

immigration judge's ("IJ's") decision to deny him asylum and withholding of

removal under the Immigration and Nationality Act ("INA").[1] In denying his asylum request,[2] the IJ found that Barrero did not demonstrate past persecution or a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on an imputed political opinion due to his refusal to cooperate with their demands. Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, [this Court] review[s] the IJ's decision as well." Id. To the extent that the decisions of the BIA or IJ were based on a legal determination, our review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). Their factual determinations are reviewed under the substantial evidence test, and we "must

---

[1] We review only the denial of INA relief. In his order, the IJ also denied asylum and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). To the extent that Borrero has not already abandoned his arguments on the CAT claims -- he primarily challenges the denial of INA relief in his brief -- we lack jurisdiction to review the IJ's denial of CAT relief because Borrero did not exhaust those claims by raising them before the BIA. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) ("[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."). This exhaustion requirement is jurisdictional, and precludes review of a claim that has not been presented to the IJ or the BIA. See, e.g., Fernandez-Bernal v. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

[2] Because we find that Borrero has not established a case for asylum, we do not consider the higher standards for withholding of removal under the INA. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

affirm the BIA's [or IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). We "cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below." Id. at 1278. Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), petition for cert. filed, (U.S. Oct. 28, 2004) (No. 04-7944); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

Because Petitioners' removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003); Balogun v. U.S. Att'y Gen., 304 F.3d 1303, 1309 (11th Cir. 2002). An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA §

3

208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. A "well-founded fear" of persecution may be established based on (1) past persecution that creates a  presumption of a "well-founded fear" and by overcoming any rebuttal by the INS; (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country; or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. See 8 C.F.R § 208.13(b)(1), (2).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors, such as his political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38

4

(1992). The petitioner must establish this causal connection by "presenting specific, detailed facts showing a good reason to fear that he or she will be <u>singled out</u> for persecution on account of such an opinion." <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted). We have approved of a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in his own country, or establish that this is not possible, before seeking asylum here. <u>Mazariegos v. U.S. Att'y Gen.</u>, 241 F.3d 1320, 1326-27 (11th Cir. 2001).

Here, substantial evidence supports the BIA's decision that Borrero was not entitled to asylum, based on either past persecution or a well-founded fear of future persecution, on account of his imputed political opinion. The only evidence in the record of Borrero's alleged past persecution attributable, with any degree of specificity, to the FARC is a couple of telephone calls Borrero received while at work and a break-in of his apartment. The IJ found the following: "The respondent believes that his refusal or what would appear as a refusal to cooperate with the [telephone] callers who demanded information regarding funds [overseen] by respondent, could be interpreted as the expression of a political opinion." The IJ found the phone calls and break-in insufficient to demonstrate past persecution, and nothing in the record compels us to reverse that finding. <u>See</u> <u>Adefemi</u>, 386 F.3d at 1027. In fact, these alleged acts appear to be merely "a few isolated

5

incidents of verbal harassment or intimidation," which is insufficient to establish past persecution. See Sepulveda, 401 F.3d at 1231 (quotation omitted). Moreover, because Borrero did not present "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution," id. at 1231 (quotation omitted), or that an internal resettlement alternative within Colombia is not possible, Mazariegos, 241 F.3d at 1326-27, we are not compelled to conclude that Borrero has a well-founded fear of future persecution. Accordingly, we deny his petition.

**PETITION DENIED.**

6